UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMAAL RUSS,<br><br>                    Plaintiff,<br><br>         -against-<br><br>NIKE, INC.,<br><br>                    Defendant. | 25-CV-5447-JAV<br><br>ORDER |

JEANNETTE A. VARGAS, United States District Judge:

On September 15, 2025, Plaintiff, who is proceeding *pro se*, filed a motion for summary judgment before an initial pretrial conference had been held in this matter. ECF No. 26. Plaintiff then filed an opposition to Defendant's motion for summary judgment motion, ECF No. 44, even though Defendant has not filed a summary judgment motion. While his motion for summary judgment was still pending, Plaintiff filed a second motion for summary judgment. ECF No. 45.

Plaintiff has now filed a motion seeking discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and a continuance of his second motion for summary judgment. ECF No. 47. Plaintiff states that he needs discovery in order to litigate his claims, yet has not yet been given the opportunity to take depositions or seek documents pertinent to his fair use claim. *Id.*

Rule 56(d) permits a person or entity opposing a motion for summary judgment to seek discovery essential to presenting facts to oppose the motion. Plaintiff, of course, is the person who has moved for summary judgment. He cannot oppose his own motion, and thus Rule 56(d) does not apply.

In light of Plaintiff's *pro se* status, however, the Court will construe Plaintiff's motion as withdrawing his motions for summary judgment pending discovery in this matter. Those motions are deemed withdrawn.

To assist in managing this case going forward, before any party in this litigation will be permitted to file a motion for summary judgment, a pre-motion conference is required. The party seeking to file the motion must first file a letter of no more than three pages requesting the pre-motion conference and setting forth the anticipated basis of the motion. Within three business days of receiving such letter, the opposing party may file a responsive letter.

The parties are also cautioned that the Court will permit the filing of only one motion for summary judgment by each party in this matter.

The Clerk of Court is directed to terminate ECF Nos. 26, 45, and 47.

SO ORDERED.

Dated:   November 12, 2025
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge