UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                    :

JAMAAL RUSS,                        :

                    :

          Plaintiff,        :          25-CV-05447 (JAV)

                    :

      -v-                :          <u>MEMORANDUM</u>

                    :          <u>OPINION AND ORDER</u>

NIKE, INC.,                    :

                    :

         Defendant.     :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Before the Court is a motion to strike and for summary judgment filed by

Plaintiff Jamaal Russ, proceeding pro se, against Defendant Nike, Inc. ("Nike").[1]

ECF No. 16 ("Motion" or "Mot.").  Plaintiff filed the instant motion one day after

Defendant filed its Answer and before any discovery in this case had taken place.

*See* ECF Nos. 1-16.  For the reasons that follow, the Motion is DENIED.

## A.    Motion to Strike

The court may strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).

Plaintiff's motion seeks to strike defenses from an Answer that is no longer

operative in this case.  *See* ECF Nos. 14, 22, 39.  Accordingly, Plaintiff's motion to

---

[1] Plaintiff filed the Motion on the docket as a motion to dismiss Defendant's affirmative defenses, but the motion's substance lead the Court to construe the Motion as stated.  *See, e.g., Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." (citation omitted)).

strike is moot and must be denied.

**B.    Motion for Summary Judgment**

A grant of summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (citation omitted).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[,] admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).

Plaintiff's motion does not meet this burden.  Although Plaintiff references various exhibits, Plaintiff did not submit any evidence in support of his motion. "[W]here the movant fails to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied."  *Giannullo v. City of New York*, 322 F.3d 139, 140-41 (2d Cir. 2003) (cleaned up).

## CONCLUSION

Accordingly, the Motion is DENIED.  The Clerk of the Court is directed to

terminate ECF No. 16.

      SO ORDERED.

Dated:  March 25, 2026
          New York, New York

                                        _____
                                      JEANNETTE A. VARGAS
                                  United States District Judge