The Honorable Jennifer A. Vargas

United States District Court

Southern District of New York

500 Pearl Street

New York, NY 10007

**MEMO ENDORSED**

**Re: *Russ v. Nike, Inc.*, Case No. 1:25-cv-05447-JAV**

**Letter-Motion to Compel Discovery (RFP 38; RFA 14-18)**


Dear Judge Vargas:


Pursuant to Local Civil Rule 37.2 and Fed. R. Civ. P. 37, Plaintiff Jamaal Russ respectfully

moves to compel Defendant Nike, Inc. ("Nike") to provide substantive responses to Request for

Production ("RFP") No. 38 and Requests for Admission ("RFA") Nos. 14 through 18.

Despite the Court's orders to proceed with liability discovery, Nike is "playing games" with the

discovery process—claiming that basic footwear industry terms are "unintelligible" to avoid

disclosing evidence that the Air Jordan 4 ("AJ4") design is functional.

**I. Nike's Bad Faith Objections to RFA Nos. 14–18**

In RFAs 14 through 18, Plaintiff asked Nike to admit simple facts regarding the utility of the AJ4

features (e.g., that "mesh panels" provide ventilation). Nike's response is a textbook example of

discovery obstruction. Nike objects to the terms "mesh side panels" and "plastic lace wings" as

"vague, ambiguous, and undefined."

This is absurd. Nike is the designer and manufacturer of the AJ4. It uses these exact terms in its

own marketing and technical specifications. By claiming it "cannot ascertain with reasonable

certainty" what a mesh panel is, Nike is willfully impeding the progress of this case to hide the functional nature of its trade dress. Plaintiff requests the Court deem these matters admitted pursuant to Rule 36(a)(6) or, in the alternative, order Nike to serve amended, honest answers.

## II. The Withholding of Design Rationales (RFP No. 38)

RFP No. 38 seeks documents concerning the "function, performance, comfort, cost, or durability of AJ4 design features, including testing and design rationales."

Nike has refused to respond, calling the request "unintelligible." This information is the "smoking gun" of functionality. Under *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23 (2001), a feature is functional if it is "essential to the use or purpose" of the product. The "Design Rationales" created by Tinker Hatfield and Nike's engineers in 1989 will prove whether these features were created for aesthetic brand identification or for athletic performance. Nike cannot claim it does not understand the term "design rationale" for its own iconic product.

## III. Conclusion

Nike's strategy is clear: stonewall discovery by feigning ignorance of its own product's anatomy until the discovery period expires. Plaintiff respectfully requests that the Court order Nike to:

1. Provide substantive admissions or denials for RFAs 14–18 within seven (7) days; and

2. Produce all non-privileged "Design Rationales," "Testing Documents," and "Engineering Briefs" responsive to RFP 38.

Respectfully submitted,

April 25th 2026

*/s/ Jamaal Russ*

Plaintiff Pro Se

In light of Plaintiff's request to withdraw the motion to compel, ECF No. 135-1, as a result of the upcoming meet and confer, Plaintiff's motion is DENIED without prejudice. The Clerk of Court is directed to terminate ECF No. 134.

SO ORDERED.
Dated: April 30, 2026

JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE