UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                            :

JAMAAL RUSS,                                                  :

                          Plaintiff,          :

                                    :          25-CV-05447 (JAV)

                  -v-                                :

                                    :          <u>ORDER</u>

NIKE, INC.,                                                   :

                         Defendant.         :

                                    :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      Before the Court are four letter motions by pro se Plaintiff Jamaal Russ ("Russ" or "Plaintiff") that collectively move the Court (1) for leave to file additional interrogatories, (2) to compel Defendant Nike, Inc. ("Defendant" or "Nike") to meet and confer and to provide a supplemental response to RFP 38, and (3) to allow Russ to rely on certain evidence in this matter. *See* ECF Nos. 138, 142, 144, 152.  These motions are **DENIED**.

      Russ has repeatedly failed to follow the Court's clear directive to meet and confer before burdening the Court with preventable motions.  *See, e.g.*, ECF No. 154 ("Hearing Tr.") at 11:18-21.  The meet-and-confer process is not complete simply because Plaintiff makes a demand and Defendant does not respond within an abbreviated amount of time set by Plaintiff.  Plaintiff's motions with respect to discovery disputes are denied on this basis alone.

      The Court nonetheless denies these requests on the merits.  With respect to the request to serve additional interrogatories, ECF No. 138, Plaintiff has already well exceeded the 25 interrogatory limit set by Rule 33 of the Federal Rules of Civil Procedure.  "Courts have held that generally a party must set forth a particularized showing in order to exceed the limit." *Douglas v. Harry N. Abrams, Inc.*, No. 13-CV-2613 (VSB), 2016 WL 11645646, at \*4

(S.D.N.Y. Aug. 23, 2016) (cleaned up).  Plaintiff fails to make this showing, as his interrogatories concern a yet-to-be-released Air Jordan 4 shoe that is not the subject of any claims or defenses in this case.

Plaintiff's motion for an order compelling Nike to supplement its response to RFP 38 was likewise premature, as Nike had indicated to Plaintiff that it was in the process of searching for the record in question, which dates back to 1989.  *See* ECF Nos. 142, 148.  As Nike has committed to conducting a search for this record, the motion to compel is denied without prejudice to renewal at the conclusion of Nike's search.

Nike is ORDERED to provide an update to Plaintiff in writing within 14 days of the date of this Order as to the outcome of its search for records response to RFP 38, and if the document in question was not located, a description of what efforts it has made to locate the document.

 Finally, Plaintiff seeks leave for certain evidence to be considered "for purposes of the present motion practice," ECF No. 152, but there is no current motion practice pending before the Court.  Any motion in limine concerning the admissibility of evidence at trial is premature, and to the extent Plaintiff intends to rely on such evidence in support of a future summary judgment motion, Plaintiff does not need to file a separate motion regarding the admissibility of such evidence.  This motion is therefore denied as moot.

The Clerk of Court is directed to terminate ECF Nos. 138, 142, 144, and 152.

SO ORDERED.

Dated: June 3, 2026
　　　New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2