UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                       :

JAMAAL RUSS,                                  :

                                    :

                       Plaintiff,          :          25-CV-05447 (JAV)

                                    :

          -v-                      :      MEMORANDUM OPINION

                                    :         AND ORDER

NIKE, INC.,                              :

                                    :

                       Defendant.      :

                                    :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      Before the Court is a letter motion by *pro se* Plaintiff Jamaal Russ ("Russ" or "Plaintiff")

seeking leave to amend his Third Amended Complaint. *See* ECF No. 139 ("Motion" or "Ltr.

Mot."). On May 4, 2026, the Court granted a motion to dismiss Counts I, II, IV, and V of the

Third Amended Complaint filed by Defendant Nike, Inc. ("Defendant" or "Nike") and denied

Russ further leave to amend. ECF No. 137 ("Op.") at 13. Russ's only active claim seeks a

declaration that Nike's registered trade dress is invalid. *Compare* ECF No. 83 ("Third Amended

Complaint" or "TAC"), ¶¶ 40-43 ("Count III"), *with* Op. at 13 (dismissing all other claims). He

moves to amend that count to claim that "[t]he AJ4 features Nike seeks to protect are functional

because they serve utilitarian purposes, including durability, breathability, and performance-

related structure, as reflected in Nike's own internal documents." ECF No. 139-1 ("Fourth

Amended Complaint" or "4AC"), ¶ 17. He also seeks to add a new count seeking cancellation of

Nike's U.S. Trademark Registration No. 6,639,128[1] ("Registration") for the Air Jordan 4

---

[1] Russ refers to U.S. Trademark Registration No. 6,368,694 in the proposed Fourth Amended
Complaint, 4AC, ¶ 20, but as Nike explains, that registration number refers to a different
trademark not at issue in this action, ECF No. 146 ("Opposition" or "Opp'n") at 1 n.2. Russ
implicitly accepts Nike's correction by only referring to U.S. Trademark Registration No.

("AJ4") trade dress "to the extent it purports to register functional features of the AJ4 design."

4AC, ¶¶ 10-21.  For the following reasons, the Court **DENIES** Russ's Motion.

**DISCUSSION**

The parties agreed that "[a]ny motion for leave to amend . . . shall be filed no later than February 6, 2026."  ECF No. 79 at 2.  Russ moved to amend in May 2026, three months later than agreed.  *See* Ltr. Mot. at 1.  "[T]he Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings."  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  "A district court has broad discretion in deciding whether good cause exists to amend the scheduling order[.]"  *Tatintsian v. Vorotyntsev*, No. 16-CV-7203 (GHW), 2021 WL 780139, at *4 (S.D.N.Y. Jan. 27, 2021) (citation omitted).  A finding of "good cause" depends on the diligence of the moving party.  *Parker*, 204 F.3d at 340.  "Although *pro se* litigants must be afforded a certain amount of latitude, they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience."  *Yadav v. Brookhaven Nat'l Lab.*, 487 Fed. App'x. 671, 672 (2d Cir. 2012) (summary order) (citing *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008)).

The Court finds that Russ has not established good cause to further amend his complaint. As an initial matter, allowing Russ to file the 4AC would prejudice Nike, which has now litigated several iterations of this suit.  "[Russ] has [already] been given ample opportunity to amend his pleadings[,] and the Court can only afford him so many bites at the apple."  *Best v. City of New York*, No. 12-CV-7874 (RJS) (SN), 2014 WL 163899, at *3 (S.D.N.Y. Jan. 15, 2014).  Indeed, "[e]ven pro se litigants are generally not entitled to further amendment" beyond

---

6,639,128 in his reply brief to Nike's Opposition.  ECF No. 151 ("Reply") at 2.

the two amendments that Russ has been granted.  *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 596 (S.D.N.Y. 2013).

As to Russ's proposed amendment to the TAC's Count III, the 4AC is redundant, as the TAC already alleges that "Nike's claimed AJ4 trade dress is functional" and therefore "invalid." *Compare* TAC, ¶¶ 41, 43, *with* 4AC, ¶ 17 ("The AJ4 features Nike seeks to protect are functional because they serve utilitarian purposes, including durability, breathability, and performance-related structure, as reflected in Nike's own internal documents").  This amendment thus does not meet the good cause standard.

The Court also finds that Russ has not demonstrated sufficient diligence to establish good cause for his proposed additional claim that Nike's Registration is invalid on functionality grounds.  Russ asserted in filings as early as September 2025 that "Nike's trade dress is not inherently distinctive and does not qualify for protection because it is functional."  ECF No. 26 at 2.  On September 12, 2025, Nike also filed its counterclaim for infringement of the trade dress claimed in the Registration.  ECF No. 22 at 19-21.  At either point or in the months that followed, Russ could have amended his pleading to include his claim regarding the Registration. *See Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 735 (S.D.N.Y. 2012) ("The good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." (cleaned up)).

Another "appropriate basis for denying leave to amend is that the proposed amendment is futile.  An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (cleaned up).  Russ avers that information he recently received in discovery from Nike constitutes the basis for his new claim seeking to invalidate Nike's

3

Registration based upon "material misrepresentations and/or omitted material information [Nike submitted] to the [United States Patent and Trademark Office] concerning functionality, with intent to deceive." Ltr. Mot. at 1.

To support this assertion, Russ attaches to his motion "NIKE0001360," which appears to be a screen capture of an online article he received in discovery. Ltr. Mot. at 1, 3. Nike represents that the article in question, originally published by a third-party author on October 8, 2020, expresses opinions of the author—not Nike—about the design history of Nike's Air Jordan 4 shoe. Opp'n at 14-15 (citing Niall Smith, *The History of the Air Jordan IV*, The Culture Crypt, (Oct. 8, 2020), https://www.theculturecrypt.com/posts/the-history-of-the-air-jordan-iv). Russ does not dispute this representation. *See* Reply at 1-3.

Accordingly, there is no factual basis upon which to conclude that the article constitutes admissions from Nike that "directly conflict[] with Nike's position in its 2021 USPTO application (Serial No. 90670895), in which Nike represented that the design was non-functional and purely aesthetic." Ltr Mot. at 1. Russ's proposed amendment to invalidate Nike's Registration based upon fraud thus lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for leave to amend the Complaint is **DENIED**. The Clerk of Court is directed to terminate ECF No. 139.

SO ORDERED.

Dated: June 4, 2026
    New York, New York            _____
                               JEANNETTE A. VARGAS
                               United States District Judge

4